# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **KEITH POLAND** | : | |
| 3359 Elmstone Court | : | |
| Ontario, Ohio 44903 | : | |
| | : | |
| Plaintiff, | : | CASE NO. 1:19-cv-582 |
| | : | |
| vs. | : | JUDGE |
| | : | |
| | : | MAGISTRATE JUDGE |
| **THE GENERAL ELECTRIC COMPANY** | : | |
| **dba GE Lighting** | : | **Jury Demand Endorsed Hereon** |
| 1975 Noble Road | : | |
| East Cleveland, OH 44112 | : | |
| | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

NOW COMES Plaintiff Keith Poland ("Plaintiff") and proffers this Complaint for damages against Defendant, The General Electric Company. (hereinafter "Defendant").

## JURISDICTION AND VENUE

1. All counts contained herein are brought pursuant to the laws of the United States, therefore this Court has jurisdiction pursuant to 28 U.S.C. § 1331.

2. This action is brought pursuant to the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Family Medical Leave Act, 29 U.S.C. § 2611(2), the Ohio Laws of Discrimination, Ohio Revised Code 4112 ("Chapter 4112"), and 28 U.S.C. § 1331.

3. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. § 1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

4. Venue is proper pursuant to 28 U.S.C. § 1391, due to the fact that the Defendant has a facility in Crawford County, Ohio, at which the events in question took place. Plaintiff lives in Richland County, Ohio.

5. Plaintiff has complied with all jurisdictional prerequisites to the filing of this lawsuit and this Complaint is filed within ninety (90) days of Plaintiff's receipt of his Right to Sue letter from the EEOC, a copy of which is attached hereto as Exhibit A.

## THE PARTIES

6. Plaintiff is a natural person residing in Richland County, Ohio.

7. Defendant the General Electric Company is a corporation doing substantial business in the Northern District of Ohio.

8. At all times relevant herein, Plaintiff was an employee of Defendant as defined by the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Family Medical Leave Act, 29 U.S.C. § 2611(2) and the Ohio Revised Code 4112.

9. Defendant is a covered "employer" as that term is defined by the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq.* ("ADA"), the Family Medical Leave Act, and by the Ohio Revised Code 4112.

10. Defendant is an "employer" as defined by 29 U.S.C. § 2611(4)(A). Defendant was engaged in commerce or an industry or activity affecting commerce, and employed 50 or more employees for each working day during each of 20 or more calendar workweeks at all times during Plaintiff's employment.

## FACTUAL BACKGROUND

11. Plaintiff began working full time for Defendant in August of 1989, and remained employed by Defendant until his forced retirement in lieu of termination on or about September 1, 2018.

12. Plaintiff was employed as a Senior Total Cost Out (TCO) Engineer at the Bucyrus Lamp Plant, located at 1250 South Walnut Street, Bucyrus, OH 44820.

13. As a Senior TCO Engineer, Plaintiff was responsible for the execution of a wide range of product and process design projects. In this role, his duties frequently encompassed product cost, product performance, product safety and regulatory compliance.

14. Plaintiff was verbally assaulted by a co-worker during a meeting in April of 2018.

15. One of Plaintiff's co-workers was also physically threatening to him during this meeting, banging his fists on the conference room table and yelling at Plaintiff, in very close proximity to his person.

16. Plaintiff reported this to Defendant and there were several witnesses to the events that occurred during this meeting.

17. Plaintiff was so upset by this and it affected his life so immensely that he no longer felt safe at work.

18. Following this incident, Plaintiff was diagnosed with PTSD, depression and anxiety, all recognized disabilities pursuant to the ADA, as amended.

19. Defendant was acutely aware of this because Plaintiff applied for and was approved for FMLA leave for these serious medical conditions from April 27 to July 8, 2018.

20. After being off work for approximately ten (10) weeks, he returned to work on or about July 9, 2018.

21. Upon his return to work, Plaintiff requested a reasonable accommodation for his diagnosed disabilities.

22. Plaintiff spoke to his supervisor, Ronald Maier, on the phone to discuss how things were going with regard to his symptoms.

23. During this call, Plaintiff asked for work that would keep him as isolated as possible from the employees that were involved in the April 2018 altercation, as he felt this would ease his return to work and avoid an exacerbation of his symptoms related to PTSD, depression and anxiety.

24. Plaintiff was merely seeking a less stressful work environment as an accommodation for his disabilities.

25. Mr. Maier assigned work to Plaintiff that would accomplish just that and told him that he believed it was a lot of work that would cover both short term and medium term responsibilities.

26. During the call, Plaintiff also explained that he was still experiencing symptoms related to his disabilities, namely anxiety and PTSD symptoms. Specifically, Plaintiff disclosed to Mr. Maier that he had suffered from suicidal thoughts as a result of his disabilities.

27. Less than one month after returning from FMLA leave, on or about August 7, 2018, Mr. Poland received a termination letter. His last day of employment was officially September 1, 2018.

28. Mr. Poland was told he could either retire/resign or be terminated. Plaintiff did not have an option to be terminated because his wife, who suffers from Multiple Sclerosis, is on his medical insurance.

29. The reasons for Plaintiff's forced resignation in lieu of termination are pretextual.

30. Plaintiff's twenty-nine years of employment with Defendant are devoid of any disciplinary issues.

## COUNT I
### Disability Discrimination – R.C. § 4112.02

31. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

32. At all times relevant herein, Plaintiff suffered from an impairment(s) within the meaning of Section 4112.01(A)(16) of the Ohio Revised Code.

4

33. At all times relevant herein, Plaintiff was a qualified individual with a disability/disabilities within the meaning of R.C. § 4112.01(A)(13) of the Ohio Revised Code.

34. Defendant knew that Plaintiff was disabled and/or regarded him as disabled, as he applied for FMLA leave, disclosing his disabilities to Defendant.

35. Defendant was aware of the difficulties suffered by Plaintiff as a result of his disability/disabilities.

36. Defendant discriminated against Plaintiff because of his disability/disabilities by taking the following non-exhaustive list of actions: terminating his employment, creating false reasons for termination, and/or by otherwise discrimination against him in the terms, privileges, and conditions of employment.

37. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges, and conditions of employment for which Defendant is liable.

38. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT II
### Disability Discrimination – Americans with Disabilities Act

39. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

40. This claim is brought pursuant to 42 U.S.C. § 12101, *et seq.,* and as defined as 42 U.S.C. § 12101.

41. Plaintiff is an otherwise qualified individual.

42. Defendant knew or had reason to know that Plaintiff suffered from a disability and/or regarded him as disabled.

43. Defendant was aware of the difficulties suffered by Plaintiff as a result of his disability/disabilities.

44. Defendant discriminated against Plaintiff because of his disability/disabilities by taking the following non-exhaustive list of actions: terminating his employment, creating false reasons for termination, and/or by otherwise discrimination against him in the terms, privileges, and conditions of employment.

45. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges, and conditions of employment for which Defendant is liable.

46. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT III
### Retaliation- R.C. §4112.02

47. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

48. Plaintiff engaged in a protected activity by requesting reasonable accommodation(s) for his disability/disabilities and taking advantage of those reasonable accommodations, including medical leave for his disabilities and requesting to be as isolated as possible from the individuals involved in the April 2018 incident, in an attempt to avoid an exacerbation of his symptoms.

49. Defendant knew Plaintiff engaged in a protected activity.

50. Once Plaintiff engaged in the aforementioned protected activity, Defendant purposefully retaliated against Plaintiff by taking the following non-exhaustive list of actions: terminating his employment, retaliating against him, creating false reasons for his termination, and/or by otherwise discriminating against him in the terms, privileges and conditions of employment.

51. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

52. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT IV
### Retaliation- Americans with Disabilities Act

53. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

54. Plaintiff engaged in a protected activity by requesting reasonable accommodation for his disability/disabilities and taking advantage of those reasonable accommodations, including medical leave for his disabilities and requesting to be as isolated as possible from the individuals involved in the April 2018 incident, in an attempt to avoid an exacerbation of his symptoms.

55. Defendant knew Plaintiff engaged in a protected activity.

56. Once Plaintiff engaged in the aforementioned protected activity, Defendant purposefully retaliated against Plaintiff by taking the following non-exhaustive list of actions:

7

terminating his employment, retaliating against him, creating false reasons for his termination, and/or by otherwise discriminating against her in the terms, privileges and conditions of employment.

57. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

58. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT V
**Interference – Violation of the Family Medical Leave Act**

59. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as fully rewritten herein.

60. Plaintiff was entitled to FMLA leave, as he suffers from a serious medical condition(s) and he applied for and was approved for intermittent FMLA leave directly prior to his termination from Defendant.

61. Plaintiff had never applied for FMLA leave during the twenty-nine years he was employed by Defendant, except in the instant case.

62. Defendant was aware that Plaintiff suffered from serious medical conditions that qualified him for FMLA leave because he applied for FMLA leave, disclosed his serious medical conditions to Defendant and was approved for FMLA leave.

63. Defendant interfered with Plaintiff's FMLA rights by forcing him to retire in lieu of termination shortly after he returned from FMLA leave.

64. Defendant interfered with Plaintiff's FMLA rights by terminating his employment, thereby preventing him from taking the full 12 weeks of leave he was entitled to under the FMLA.

65. Defendant's termination of Plaintiff was directly related to his use of FMLA leave, because Defendant terminated Plaintiff shortly after he returned from FMLA leave.

66. Defendant lacked good faith and/or reasonable grounds to believe it had not violated the FMLA in its discharge of Plaintiff.

67. Defendant's violations of the Family and Medical Leave Act entitles Plaintiff, pursuant to 29 U.S.C. § 2617(a), to monetary damages which include back pay and benefits, statutory liquidated damages, and attorneys' fees and costs of bringing this litigation, in an amount to be determined at trial.

## COUNT VI
**Retaliation- Violation of the Family Medical Leave Act**

68. Plaintiff reasserts and reincorporates each and every allegation contained in the paragraphs above as if fully rewritten here.

69. Plaintiff attempted to exercise his rights under the FMLA, as he applied for and took continuous FMLA leave prior to his termination.

70. Plaintiff suffered an adverse employment action when Defendant forced him to retire in lieu of termination shortly after returning from FMLA leave.

71. Plaintiff had never applied for FMLA leave during the twenty-nine years he was employed by Defendant, except in the instant case.

72. Defendant's termination of Plaintiff was directly related to his use of FMLA leave, because Defendant terminated Plaintiff very shortly after he returned from FMLA leave, with no legitimate reason to do so.

73. Defendant lacked good faith and/or reasonable grounds to believe it had not

violated the FMLA in its discharge of Plaintiff.

74. Defendant's violations of the Family and Medical Leave Act entitles Plaintiff, pursuant to 29 U.S.C. § 2617(a), to monetary damages which include back pay and benefits, statutory liquidated damages, and attorneys' fees and costs of bringing this litigation, in an amount to be determined at trial.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay, compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $75,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

/s/ *Rachel A. Sabo, Esq.*
Rachel A. Sabo (0089226)
Peter G. Friedmann (0089293)
**The Friedmann Firm LLC**
1457 S. High Street
Columbus, OH 43207
Rachel@TFFLegal.com
Pete@TFFLegal.com
614-610-9757 (Phone)
614-737-9812 (Fax)

*Counsel for Plaintiff*

## **JURY DEMAND**

Plaintiff demands a jury trial by the maximum persons permitted by law on all issues herein triable to a jury.

/s/*Rachel A. Sabo*
Rachel A. Sabo (0089226)